**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 15 2015

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN COURT DISTRICT OF ARKANSAS

JONESBORO DIVISION

PLAINTIFF

GARY E. JOHNSON, PRO SE

VS. CASE NO. 3:15-CV-00136

DEFENDANTS

CITY OF JONESBORO ARKANSAS, JONESBORO ARKANSAS MAYOR HAROLD PERRIN, JONESBORO ARKANSAS CITY COUNCILMAN JOHN STREET, CHIEF OF OPERATIONS TO THE CITY OF JONESBORO ARKANSAS MAYOR, L.M. DUNCAN, DIANNE STREET, LENDERS TITLE INSURANCE COMPANY, BOB GIBSON, GARVER ENGINEERING

AMENDED COMPLAINT AT LAW

Comes now the Plaintiff, Gary E. Johnson, and states, he is amending his complaint to comply with the local rules of the Court and for other purposes states:   Plaintiff is a 68 year old resident of Jonesboro, Craighead County, Arkansas. The plaintiff is the sole human occupant of his home located at 402 Airport Rd. in Jonesboro, Arkansas. For his cause of action against the defendants alleges that the City of Jonesboro Arkansas and their various employees, agents and elected officials who are the Defendants herein conspired to and have violated the civil and constitutional rights of the plaintiff.

1. More than one year ago the defendant Garver Engineering was hired as the agent employee and contractor by the City of Jonesboro and State of Arkansas to come onto the land of the plaintiff and his two surviving brothers, James Johnson and Joseph Johnson, who are not

plaintiffs, located at 402 Airport Rd. in Jonesboro, Arkansas and perform survey and other work unknown to the plaintiff. Such entrance onto the plaintiff's land was without the permission or initially knowledge of the plaintiff. Two employees of the defendant, Garver, proceeded to climb over fences and roam the property at will from corner to corner. These employees had no identification visible on their persons but the pickup truck they parked in the plaintiff's driveway had a sign saying "Garver". When the plaintiff objected to the men's presence the Jonesboro Police Department was called. Five Jonesboro policemen arrived in five Jonesboro police cars . The Officer in charge, Corporal John Shipman, of the Jonesboro Police Department informed the plaintiff that the men had a legal right to be on the Plaintiff's property and made an incorrect cite of the Arkansas Statute that he said his father former (at that time current) Greene County Arkansas Judge Jerry Shipment had given him. The officers threatened to arrest the plaintiff if he interfered with the men in any way. While the State statue citation was incorrect there is an Arkansas law that the Plaintiff was later able to find that provides that surveyors who come onto private land are not guilty of trespass so as they provide identification and give notice to the landowner. Neither of which was ever done. All five police officers stood guard over the surveyors while the Plaintiff watched from inside his home as the men placed markers including nailing metal stobs protruding about six inches above the ground at numerous places in his yard. Later the Plaintiff tried to remove the metal markers so that he could mow his yard. The plaintiff did not have the strength to pull up the metal stobs so he hammered them into the ground flush with the surface where they remain. These events took place in the spring of 2014.

2. The plaintiff learned from the media that the City of Jonesboro and State of Arkansas were planning to build a "roundabout" at the intersection of Airport Road and Aggie Road. Plaintiff telephoned defendant Mayor Harold Perrin to inquire about the project and was told; "Don't worry Gary we're not going to take any of your land." This statement has proven to be factually incorrect.

3. In February of this year the plaintiff and his two brothers each received a packet in a large manila envelop containing photographs, drawings, appraisal and contracts from the defendant, L.M. Duncan, who is the Chief of Operations to the Mayor of the City of Jonesboro Arkansas

representing the City of Jonesboro, Arkansas the and State of Arkansas. One of the items in the envelope was an appraisal of Plaintiffs property prepared wholly by the Defendant, Bob Gibson. Nowhere in the appraisal is the fact disclosed that Defendant Gibson is a member of the Jonesboro City government having been selected by and appointed by Defendant Harold Perrin to the City of Jonesboro Airport Commission for which he receives financial remuneration such appointment does not expire until 2018. This appraisal was used as the basis for the offer alleging that it is just compensation made to Plaintiff and his brothers for their property. Although the appraisal does not even purport to take into account as damages the fact that most of Plaintiffs yard is being condemned on two sides and that Aggie Road will be only approximately 75 feet from Plaintiff's bedroom window after the roundabout is finished. In the almost 69 years that the plaintiff has lived in his home the road has gone from being the gravel Old Paragould Highway to the heavily traveled and very noisy Aggie Road. The undisclosed clear conflict of interest represented by having a member of Jonesboro City government performing the appraisal used to determine the supposed value of the property being taken is unconscionable and a violation of the Plaintiff's State and Federal constitutional rights.

4. The inadequate appraisal done by Defendant Bob Gibson valued the land to be taken at $11,000.00. The amount was considered grossly unjust by Plaintiff and his brothers. Because Plaintiff and his brothers are the fee simple owners of portions of both Airport Road and Aggie Road and the easements adjacent thereto the representatives of some of the defendants agreed to raise the offer to a total of $12,100.00. The Plaintiff and his brothers were extremely reluctant to accept this offer but agreed after the Defendant, L. M. Duncan, threatened to have the City condemn the property and seize it through the power of eminent domain. The three surviving brothers signed a contract with the City for the sale of the property for the latter amount but did so under duress.

5. The contract called for the sellers to provide title insurance at the cost of the buyers. The Defendant buyers had no contact with or input from or knowledge by the sellers when Defendants selected the Defendant, Lenders Title Insurance Company. Defendant Dianne Street, the office manager and escrow agent contacted the Plaintiff and requested Plaintiff's

social security number explaining she needed it to perform the title search especially with respect to liens that might be against the property. Plaintiff initially declined to provide it explaining that he had always heard you should never give out your social security number especially over the phone. Two days later however the plaintiff called the Defendant, Dianne Street, and reluctantly gave her his social security number so that she could perform the title work. Nothing was heard from Defendant Dianne Street for three weeks after which the plaintiff called her inquiring about the status of her title search. She informed him that the title work had not been completed because she found that in November of 2014 the Plaintiff had appealed the closing and distribution of the estate of his deceased brother, Larry M. Johnson, the previous owner of the land who was a service connected 100% disabled U.S. Army Veteran who the Plaintiff solely and entirely cared for during the final 10 years of his life. Plaintiff explained to Defendant Dianne Street that the notice of appeal had been filed in November 2014 and no other action was ever taken as demonstrated by court records and that an appellant has 90 days to perfect his appeal or it automatically is dismissed. She said that while that might be true that she still wanted the appeal dismissed. Plaintiff asked her to contact Defendant L.M. Duncan to advise him that Plaintiff would sign a dismissal of the appeal and to see if he would prepare the dismissal of the appeal because he had already agreed to have other final documents prepared. For the next three to four weeks the Plaintiff called the Defendant Dianne Street to inquire if she had spoken with Defendant Duncan and to ask if any other matters had been discovered that might affect the title. During the approximately half a dozen phone calls made by Plaintiff to Defendant Dianne Street during these weeks he was informed that she had not talked to Defendant L.M. Duncan and also that Defendant, Lenders Title Insurance Company had not performed any more work on the title. The Plaintiff called Defendant Mayor Harrold Perrin's office out of which Defendant L.M. Duncan works to try to speak to Defendant L.M. Duncan on numerous occasions speaking each time to either Office Manager Chrystal Glisson or Secretary Amy Clark and was told every time that Defendant L.M. Duncan was not available. Plaintiff repeatedly told said office personnel that he would sign the dismissal. Plaintiff left his contact information each time with a request that Defendant L.M. Duncan call him back. Defendant

Duncan never returned Plaintiff's phone calls. The Plaintiff then prepared and filed with the Probate Clerk a Dismissal of the Notice of Appeal. Plaintiff knew that it seemed unusual to be having so much trouble going forward with the sale of the land when a contract had already been signed. The Plaintiff learned from a friend that the Jonesboro City Council had proceeded to and had already condemned the property in the interim, the signed contract executed by all parties notwithstanding. Plaintiff nor his brothers had received any notification of such Jonesboro City Council action. The Plaintiff then learned that the Defendant Dianne Street, the manager of the Jonesboro office of Lenders Title Insurance Company is the wife of Defendant John Street who is on the Jonesboro City Council and is in fact Chairman of the very committee, the Public Works Committee, which has jurisdiction over the "roundabout" project. Plaintiff knew nothing of and was never informed of this conflict of interest. The actions by the responsible defendants in engaging in these secret conflicts of interest, subterfuge and secret dealings deprive the Plaintiff of his State and Federally protected constitutional rights.

6. The actions by the Defendants are a clear breach of the due process clause of the Constitution of the United States in that they are fundamentally unfair in their treatment of the Plaintiff. Throughout his dealings with the Defendants they have repeatedly failed to provide Plaintiff with notice of legal actions they have taken or intend to take. They have also acted with malice. They have acted with subterfuge in a blatant attempt to violate and have violated the Plaintiff's civil rights and because the Plaintiff is a disabled person Defendants have violated the Americans with Disabilities Act.

7. Plaintiff has suffered severe emotional trauma and physical distress caused by the actions of the Defendants.

8. Unless the defendants are enjoined and restrained by this Court from taking action detrimental to the Plaintiff including but not limited to seizing the Plaintiffs land consisting of Plaintiff's only home he will suffer irreparable injury.

9. The damages the Plaintiff has suffered caused by the Defendants is a monetary amount greater than the amount giving this court jurisdiction for which the Defendants are jointly and severally liable.

10. The Defendant's actions as described herein are so outrageous that Plaintiff is entitled to should be awarded substantial punitive damages as well as compensatory damages.

Wherefore, Plaintiff, Gary E. Johnson prays that this Court issue an injunction restraining Defendant's actions against him. Plaintiff also prays for a jury trial and also prays for both compensatory and punitive damages against all defendants jointly and severally. Plaintiff finally prays for all other proper legal and equitable relief.

Respectfully submitted,

*Gary E. Johnson*

Gary E. Johnson
402 Airport Rd.
Jonesboro, AR 72401
phone (870) 882-3262