## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

GARY E. JOHNSON                                                                    PLAINTIFF

v.                                            NO. 3:15CV00136 JLH

CITY OF JONESBORO, ARKANSAS, et al.                                DEFENDANT

### OPINION AND ORDER

Gary E. Johnson brings this action against the City of Jonesboro, among others, complaining that his property was taken without Due Process and in violation of the ADA. Johnson also alleges that employees of Garver, LLC committed a state-law trespass when they conducted a survey of the property. The City has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Lenders Title Insurance Company and Bob Gibson have each moved to dismiss pursuant to Rule 12(b)(6) and Garver has moved to dismiss pursuant to Rules 12(b)(1) and (6). For reasons that will be explained, the City's motion for summary judgment and Lenders's and Gibson's 12(b)(6) motions to dismiss are granted. Garver's 12(b)(1) motion to dismiss is also granted.

The events leading up to this point, according to Johnson, began during 2014 when he learned that the City planned to construct a roundabout at the intersection on which the property is located, which is 403 Airport Road in Jonesboro. Then, in February 2015, the City sent Johnson a packet that included an offer by the City to purchase the property based on an appraisal performed by defendant Bob Gibson. Johnson alleges that Gibson is a member of the City of Jonesboro Airport Commission and that defendant Mayor Harold Perrin appointed Gibson to that position. Gibson appraised the property at $11,000 but Johnson argued the land was worth more, so the City increased its offer to $12,100. Johnson accepted the offer and signed a real estate contract on March 16, promising to convey the land to the City. Johnson alleges that he only signed the contract because the Chief of Operations, defendant L.M. Duncan, threatened condemnation. The City Council

authorized the dissemination of funds for the purchase on April 7.

Pursuant to the contract, Johnson was to secure title insurance on the property to be paid for by the City.  The City selected defendant Lenders to perform the title work.  Initially, Johnson refused to cooperate with Lenders but eventually provided the necessary information to begin assessing the title.  However, a problem arose when Lenders employee defendant Dianne Street discovered that Johnson had appealed the closing and distribution of his deceased brother's estate. Johnson's deceased brother was the previous owner of the land and the record owner at the time Lenders began the title work.  Johnson had difficulty reaching Street and the problem regarding the appeal appears to have been left unresolved.  Dianne Street is married to separate defendant John Street, Chairman of the Public Works Committee.

Johnson filed his initial complaint in this Court on May 14 and filed an amended complaint on June 15.  On June 18 the City filed a condemnation action concerning the property in Craighead County Circuit Court.  Then, on June 30, the Honorable Melissa Richardson granted the City possession of Johnson's property and the City registered with the court the sum of $12,100 as just compensation.

## I.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).  If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson*

*v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  A genuine dispute of material fact is presented only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  The court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record.  *Spencer v. Jackson Cnty. Mo.*, 738 F.3d 907, 911 (8th Cir. 2013).  If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law.  *Celotex Corp.*, 477 U.S. at 322-23, 106 S. Ct. at 2552.

The United States Supreme Court held in *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank* that federal courts are barred from considering the merits of a takings claim until a private litigant exhausts state remedies.  473 U.S. 172, 194, 105 S. Ct. 3108, 3120, 87 L. Ed. 2d 126 (1985).  A narrow exception to *Williamson* applies when a state's remedies are inadequate, but it is well-established that Arkansas remedies are adequate.  *Cormack v. Settle-Beshears*, 474 F.3d 528, 531-32 (8th Cir. 2007) (citing *Collier v. City of Springdale*, 733 F.2d 1311, 1313 (8th Cir. 1984)). The Eighth Circuit in *Cormack v. Settle-Beshears* expanded the Supreme Court's holding to non-takings claims–claims that are not brought pursuant to the Fifth Amendment takings clause–based on a taking.  474 F.3d at 531-32.[1]  There, the plaintiff alleged that the way the city annexed his land did not comport with due process because the city failed to provide him the prior notice required by Arkansas law.  *Id.* at 531. But because the plaintiff was not able to show that Arkansas lacked

---

[1] Note that the Eighth Circuit has considered due process claims where whether a taking occurred was disputed and due process was an alternative basis for relief.  *Koscielski v. City of Minneapolis*, 435 F.3d 898, 902-04 (8th Cir. 2006); *Creason v. City of Washington*, 435 F.3d 820, 824 (8th Cir. 2006).

adequate remedies for property owners subjected to a government taking, the due process claim failed. *Id*. at 532. Further, as a matter of law, an adequate post-taking state law remedy satisfies due process. *Id*.

The City and its employees argue that whether the taking was proper is a matter to be decided in state court. Document #26 at 4. In its order giving the City the right to possess Johnson's land, the circuit court stated that "the [City] is entitled to entry upon the land of [Johnson] to proceed with necessary improvements without prejudice to [Johnson's] right to pursue further recovery from the [City] for the taking of [Johnson's] land and damages suffered by reason thereof." Document #28-6 at 2. Johnson has not pursued further recovery from the City but could do so through Ark. Code Ann. § 27-67-318, which provides that he is entitled to a hearing, at which time he may present evidence concerning the adequacy of the $12,100 compensation.

Johnson argues that the City's taking of his property was so arbitrary and fundamentally unfair that it violated his right to due process under the Fourteenth Amendment and his rights under the Arkansas Constitution. Document #8 at 5. Further, Johnson alleges that because he is disabled, the taking violated the ADA. *Id*. Referring to the appraisal performed by Gibson, Johnson alleges that "[t]he undisclosed clear conflict of interest represented by having a member of Jonesboro City government performing the appraisal used to determine the supposed value of the property being taken is unconscionable and a violation of the Plaintiff's State and Federal constitutional rights." Document #8 at 3 ¶3. Johnson also alleges, like the plaintiff in *Cormack*, that the City did not provide him with prior notice of the condemnation. Document #8 at 5 ¶5. It is evident that any constitutional or statutory claim Johnson has is based on the taking and the Eighth Circuit made it clear that a landowner may not avoid the Supreme Court's holding in *Williamson* by labeling alleged violations of the Fifth Amendment takings clause as applied to the states through the Fourteenth

4

Amendment as other types of constitutional or statutory violations. *Cormack*, 474 F.3d at 531. Regardless of how such a claim is labeled, the issue is whether an adequate mechanism exists for obtaining compensation. *Id*. Because it is undisputed that Johnson has not pursued the adequate available remedies in state court to dispute the validity of the taking, his claims against separate defendants City of Jonesboro, Perrin, Duncan, and John Street fail as a matter of law.

**II**.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a)(2) does not require a complaint to contain detailed factual allegations, it does require a plaintiff to state the grounds of his entitlement to relief, which requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). In ruling on a motion to dismiss, the Court must accept as true all factual allegations in the complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). The Court need not, however, accept as true legal conclusions, even those stated as though they are factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). A *pro se* complaint must be liberally construed, however inartfully pleaded, and held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

Lenders and Street argue that Johnson's claims against them fail because they are unripe and even if they were ripe, Lenders and Street were not acting under color of state law. Document #26 at 7. Johnson alleges in the amended complaint that the City selected Lenders to do the title work

for the property.  Document #8 at 6 ¶5.  Johnson also alleges that Dianne Street, the manager of the Lenders office in Jonesboro, is the wife of John Street, Chairman of the Public Works Committee in charge of the roundabout project for which the City needed to acquire Johnson's property.  *Id.* at 5.  The conduct by Lenders and Dianne Street alleged to deprive Johnson of his rights appears to have been "secret conflicts of interest, subterfuge and secret dealings" deriving from the fact that Dianne Street is married to a member of City government who would presumably have had an interest in acquiring Johnson's property as cheaply as possible.  *Id.*  Ultimately, the root of Johnson's claims against Lenders and Dianne Street is the governmental taking of his property. Therefore, Johnson's complaint fails to state a claim upon which relief can be granted.

Similarly, Johnson's factual allegations against Gibson do not state a claim upon which relief can be granted because any claims based on the taking of his property are not ripe for adjudication in federal court.  *See Williamson*, 473 U.S. at 194, 105 S. Ct. at 3120; *Cormack*, 474 F.3d at 531. Gibson, a member of the City of Jonesboro Airport Commission appointed by defendant Perrin, prepared the appraisal of Johnson's property.  Document #8 at 3 ¶3.  The City included the appraisal in the initial offer to purchase the property and the "appraisal was used as the basis for the offer alleging that it [was] just compensation . . ."  *Id.*  Because Gibson was a member of municipal government at the time he appraised the property, Johnson alleges that this "secret conflict of interest" violated his constitutional rights and the ADA.  Document #8 at 5 ¶6.  But just as with the City and Lenders, any person contending that a governmental taking of his property was unlawful must pursue a remedy in state court.  *Cormack*, 474 F.3d at 531.  Therefore, Johnson's claims against Gibson fail as a matter of law.

### III.

Johnson's only claim against Garver is common law trespass.  Garver argues that this Court

6

should dismiss Johnson's claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, which provides for dismissal of a claim for lack of subject-matter jurisdiction. Because the claim against Garver does not arise out of federal law and because Johnson and Garver are both citizens of Arkansas, the requirements for supplemental jurisdiction must be met in order for the Court to decide the trespass claim. A federal district court has supplemental jurisdiction over claims that are so related to the claims in the action within the original jurisdiction that they form a part of the same case or controversy. 28 U.S.C. § 1367. If the state and federal claims "derive from a common nucleus of operative facts," then the Court has supplemental jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

Johnson bases his federal claims on factual allegations of secret conflicts of interest amongst those involved in the taking of his property. But the factual allegations against Garver are distinct from the factual allegations against the other defendants because the allegations against Garver do not contest whether the governmental taking was lawful. Rather, against Garver, Johnson alleges that the City and the State hired Garver to conduct a survey of the property during which the employees committed a trespass. Document #8 at 1-2. To conduct that survey, Garver employees "proceeded to climb over fences and roam the property at will from corner to corner." *Id.* at 2 ¶1. They had no identification visible and when Johnson objected to their presence, officers from the Jonesboro Police Department arrived and told Johnson that the Garver employees had a legal right to be on the property. *Id.* According to Johnson, this happened in the spring of 2014. *Id.* Johnson does not allege facts to connect this event with the taking of his property, which occurred approximately a year later and did not involve the same web of "secret conflicts of interest, subterfuge and secret dealings" as his factual allegations against the other defendants. *See* Document #8 ¶2-10.

7

Even if Johnson's claims against Garver were sufficiently related to his takings claims to warrant the exercise of supplemental jurisdiction over them, the Court would not do so.  The Court may decline to exercise supplemental jurisdiction after dismissing all of the claims that arise under federal law.  28 U.S.C. § 1367(c)(3).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine–judicial economy, convenience, fairness, and comity–will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 619 n. 7, 98 L. Ed. 2d 720 (1988).  The Eighth Circuit has said: "We stress the need to exercise judicial restraint and avoid state law issues wherever possible.  We also recognize within principles of federalism the necessity to provide great deference and comity to state court forums to decide issues involving state law questions."  *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990).  Out of deference and comity to the state courts, the Court declines to exercise supplemental jurisdiction over Johnson's state-law claims.  *See Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009).

## CONCLUSION

For the reasons stated above, the City's motion for summary judgment against Johnson (Document #27) is GRANTED; Lenders's motion to dismiss (Document #25) is GRANTED; Gibson's motion to dismiss (Document #31) is GRANTED; and Garver's motion to dismiss (Document #22) is GRANTED.

IT IS SO ORDERED this 24th day of August, 2015.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE